I<small>N THE</small> U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small>
F<small>OR THE</small> D<small>ISTRICT OF</small> C<small>OLUMBIA</small>

|  |  |
|---|---|
| Public Record Media, LLC, <br> 2375 University Ave W., Suite 200 <br> Saint Paul, MN 55114, <br><br>     Plaintiff, <br> v. <br><br> United States Department of Justice <br> 950 Pennsylvania Avenue Northwest <br> Washington, DC 20530-0001, <br><br>     Defendant. | Civil Action No.: _____ <br><br> **COMPLAINT** |

### I<small>NTRODUCTION</small>

1. Plaintiff Public Record Media brings this action against Defendant United States Department of Justice (Defendant or DOJ) to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 *et. seq.* (FOIA). Plaintiff is seeking the production of records improperly withheld by Defendant in response to a request properly made by Plaintiff, concerning policies and practices of Defendant related to obtaining information from members of the news media in connection with criminal and civil investigations, including investigations of unauthorized disclosures (leaks). Plaintiff hereby alleges as follows.

### J<small>URISDICTION AND</small> V<small>ENUE</small>

2. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §1402.

## PARTIES

4. Plaintiff is a non-profit corporation organized under the laws of the State of Minnesota and has its principal place of business at 2375 University Avenue West, Suite 200, St. Paul, Minnesota 55114. Plaintiff undertakes a variety of activities that relate to government transparency, including obtaining and publishing government records through the use of public records laws such as the Freedom of Information Act and publishing original stories and reports based on such records on its website (www.publicrecordmedia.org) and in its semi-annual journal. Plaintiff also shares the government records it obtains with press outlets, policy makers, members of the public, and civic organizations.

5. Defendant is an agency of the United States Government and is headquartered at the United States Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530. Defendant has possession, custody, and control of records to which Plaintiff seeks access. Defendant is an agency within the meaning of 5 U.S.C. § 552(f)(1).

## FACTS

### Pubic Record Media's FOIA Request

6. Under President Obama, Defendant undertook several leak investigations, including the investigations of former CIA official Jeffrey Sterling and government advisor Stephen Jin-Woo. In those cases, Defendant sought information from members of the news media through, alternately, subpoenas and search warrants.

7. In addition, Defendant—under President Obama—undertook a review of its policies and practices related to leak investigations involving members of the news media. In 2013, the Defendant produced a document entitled "Department of Justice Report on Review of News Media Policies," dated July 12, 2013.[1] This document noted that Attorney General Eric Holder had "initiated a comprehensive evaluation of the Department of Justice's policies and practices" used to

---

[1] The report is available at DOJ's website:
https://www.justice.gov/iso/opa/22020137121216851796893.pdf.

obtain records from members of the news media in connection with criminal investigations. The document also set out ten specific areas where Defendant was seeking to make related policy adjustments and updates. Finally, the document outlined certain policy modifications that Defendant would implement. The policies and practices stemming from the changes described in the July 12, 2013 document would have been implemented and in force between July 12, 2013 and January 23, 2017.

8.   Upon information and belief, under President Trump, Defendant has undertaken a review of its policies affecting news media subpoenas and leak investigations. Specifically, on August 4, 2017, Attorney General Jeff Sessions delivered public remarks at a press briefing related to leaks of classified information to the news media. In his remarks, Attorney General Sessions noted that, beginning in February 2017, he had "listened to career investigators and prosecutors" regarding leak investigations and noted that Defendant was in the process of "reviewing policies affecting media subpoenas." In addition, Attorney General Jeff Sessions specifically noted that he had "directed the National Security Division . . . to prioritize cases involving unauthorized disclosures" and that Defendant was "reviewing policies that impact leak investigations."[2]

9.   On May 25, 2017, Plaintiff submitted a FOIA request to Defendant seeking government records in the form of policies, memoranda, correspondence, and legal opinions relating to certain legal avenues to obtain information from members of the news media. (Ex. 2.) Specifically, Plaintiff's FOIA request sought the following:

> 1.   Any and all DOJ policies and practices governing the use of law enforcement tools, including subpoenas, court orders, and search warrants, to obtain information or records from or concerning members of the news media in criminal and civil investigations produced, transmitted, and/or maintained by Defendant between July 12, 2013 and January 23, 2017.
>
> 2.   Any and all correspondence and/or memoranda (in written or electronic form) relating to modifications or proposed modifications to DOJ policies and practices governing the use of law enforcement tools, including subpoenas, court orders, and search warrants, to obtain information or

---

[2]   Exhibit 1, attached to Declaration of Janet C. Evans Related to Plaintiff's Complaint. All exhibits hereto are attached to Declaration of Janet C. Evans Related to Plaintiff's Complaint.

        records from or concerning members of the news media in criminal and civil investigations produced, transmitted, and/or maintained by Defendant between January 23, 2017 and May 25, 2017.

3. Any and all correspondence (in written or electronic form) between staff members of the White House, including, but not limited to, staff of the Executive Office of the President and/or the President of the United States, and staff members of your agency related to the prosecution and/or potential prosecution of journalists under the provisions of the Espionage Act (18 U.S.C. § 793) produced, transmitted, and/or maintained by Defendant between January 23, 2017 and May 25, 2017.

4. Any and all memoranda and/or legal opinions (including legal opinions constituting final determinations of policy and/or final opinions that are post-decisional in nature) related to the prosecution and/or potential prosecution of journalists under the provisions of the Espionage Act (18 U.S.C. § 793) produced, transmitted, and/or maintained by Defendant between January 23, 2017 and May 25, 2017.

*Id.*

10. The FOIA request was submitted to the main DOJ FOIA Referral Unit; was assigned tracking number 7016 0910 0001 0550 1714; and was subsequently routed to various components within DOJ, including the National Security Division (NSD), Office of Legal Counsel (OLC), and the Offices of the Attorney General (AG), Deputy Attorney General (DAG), Associate Attorney General (ASG), and the Office of Legal Policy (OLP).

11. On July 7, 2017, the Office of Information Policy (OIP)—on behalf of the Offices of the AG, DAG, ASG, and OLP—notified Plaintiff that these offices of DOJ had received Plaintiff's FOIA request and that the requests had also been forwarded to OLC and NSD for processing. The letter noted: "The records you seek require a search in other offices, and so your request falls within 'unusual circumstances.' *See* 5 U.S.C. 552 § (a)(6)(B)(i)-(iii). Because of these unusual circumstances, we need to extend the time limit to respond to your request beyond the ten additional days provided by the statute." (Ex. 3.)

12. OIP and the Offices of the AG, DAG, ASG, and OLP have failed to provide any records responsive to Plaintiff's FOIA request within the statutory timeframe, including any allowable extensions.

4

13. OLC notified Plaintiff, on July 26, 2017, that it had received its FOIA request and that it has been "tentatively assigned to the 'complex' processing track" and suggested that Plaintiff narrow its request "so that it can be transferred to the 'simple' track and processed more quickly." (Ex. 4).

14. On August 7, 2017, Plaintiff sent correspondence to OLC and narrowed its request to OLC to Items 2-4 of its FOIA request. (Ex. 5).

15. OLC has since failed to provide any records responsive to Plaintiff's FOIA request within the statutory timeframe, including any allowable extensions.

16. On August 10, 2017, NSD informed Plaintiff that it had "conducted a search of the files of the National Security Division FARA Office" and "did not locate any responsive records subject to FOIA." (Ex. 6).

17. Plaintiff thereafter filed an administrative appeal on October 23, 2017, with NSD of the "no records" determination. (Ex. 7.)

18. NSD notified Plaintiff, on November 3, 2017, that its administrative appeal was received on October 27, 2017 and assigned number DOJ-AP-2018-000619. (Ex. 8.)

19. DOJ notified Plaintiff on March 23, 2018 that it reviewed Plaintiff's appeal of the "no records" determination from NSD and was remanding Plaintiff's request for a "further search for responsive records . . .." (Ex. 9.)

20. Plaintiff filed, on December 22, 2017, an administrative appeal with the Offices of the AG, DAG, ASG, and OLP. (Ex. 10.)

21. Also on December 22, 2017, Plaintiff filed an administrative appeal with OLC. (Ex. 11.)

22. OIP—acting on behalf of the Office of the AG—notified Plaintiff on January 5, 2018 that its administrative appeal was received on December 29, 2017 and assigned number DOJ-2017-004508. Plaintiff has received no further correspondence from the Office of the AG. (Ex. 12.)

23. OIP—acting on behalf of the Office of the DAG—notified Plaintiff on January 5, 2018 that its administrative appeal was received on December 29, 2017 and assigned number DOJ-

AP-2018-001861.  Plaintiff has received no further correspondence from the Office of the DAG. (Ex. 13.)

24. OIP—acting on behalf of the Office of the AAG—notified Plaintiff on January 5, 2018 that its administrative appeal was received on December 29, 2017 and assigned number DOJ-AP-2018-001862. Plaintiff has received no further correspondence from the Office of the AAG. (Ex. 14.)

25. OIP—acting on behalf of OLP—notified Plaintiff on January 5, 2018, that its administrative appeal was received on December 29, 2017 and assigned number DOJ-AP-2018-001863. Plaintiff has received no further correspondence from OLP.  (Ex. 15.)

26. OIP—acting on behalf of the OLC—notified Plaintiff on January 5, 2018 that its administrative appeal was received on December 29, 2017 and assigned number DOJ-AP-2018-001864. (Ex. 16.) Plaintiff has received no further correspondence from the OLC.

27. More than twenty days have passed since Plaintiff delivered its appeals to the various offices of DOJ on October 23, 2017 and December 22, 2017. At least twenty days have passed since the offices of DOJ acknowledged receipt of Plaintiff's appeals *via* letters on November 3, 2017 and January 5, 2018.

28. Because Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted its administrative remedies.

## Public Record Media's Fee Waiver Request

29. Plaintiff's FOIA request, which was routed to various offices of DOJ including NSD, also sought a waiver of fees under 5 U.S.C. § 552(a)(4)(A)(iii).

30. Through its FOIA request, Plaintiff sought information that would shed light on operations or activities of the government. Specifically, Plaintiff sought information concerning policies and practices of Defendant related to obtaining information from members of the news media in criminal and civil investigations.

6

31. The requested information, if disclosed, would contribute to the public understanding of Defendant's policies and practices related to obtaining information from members of the news media in criminal and civil investigations because they would be posted on Plaintiff's website, Twitter feed, and would form the basis for new stories that are published on Plaintiff's website or via other media outlets.

32. Plaintiff is a nonprofit corporation and, therefore, has no commercial interest on obtaining or publishing government records.

33. By a letter dated July 27, 2017, NSD denied Plaintiff's fee-waiver request, stating that the request "does not meet the fee waiver threshold."

34. DOJ notified Plaintiff on March 23, 2018 that it reviewed Plaintiff's appeal of the "no records" determination from NSD and was remanding Plaintiff's request also for "further consideration of [Plaintiff's] request for a fee waiver . . .." Plaintiff has received no further correspondence from DOJ.

## COUNT I
(5 U.S.C. § 552(f))

35. Plaintiff realleges paragraphs 1 through 34 as if fully stated herein.

36. Defendant, as an agency subject to FOIA under 5 U.S.C. § 552(f), must release in response to a FOIA request any disclosable records—or portions thereof—in its possession at the time of the request, and provide any lawful reason for withholding any materials to which it is claiming an exemption.

37. Defendant has failed to provide any records in response to Plaintiff's FOIA request.

38. Defendant has improperly withheld responsive memoranda, legal opinions, and/or other records from Plaintiff under FOIA.

39. Even if portions of the records are properly classified or otherwise subject to an exemption, Defendant has an obligation to redact non-public portions of the records and to release those portions that are public under FOIA.

40. Defendant's failure to provide the records violates FOIA. Plaintiff is entitled to the release and disclosure of the requested records.

41. Plaintiff pursues this Count with respect to its FOIA requests to AG, DAG, ASG, and OLP, and because of the DOJ's remand of the FOIA request on NSD, Plaintiff will hold prosecution of its claim under this Count with respect to the NSD FOIA request until such time as Plaintiff deems it necessary to pursue it.

## COUNT II

(28 C.F.R. §16.10(k)(2))

42. Plaintiff realleges paragraphs 1 through 41 as if fully stated herein.

43. Pursuant to 28 C.F.R. § 16.10(k)(2), a component of DOJ "must furnish records responsive to a request without charge or at a reduced rate when it determines, based on all available information, that disclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requestor."

44. Defendant has improperly denied Plaintiff a fee waiver or, in the alternative, a reduction in fees.

45. Defendant's failure to grant Plaintiff's request for a fee waiver or, in the alternative, a reduction in fees, violates 28 C.F.R. § 16.10(k)(2).

46. Plaintiff pursues this Count with respect to its FOIA requests to AG, DAG, ASG, and OLP, and because of the DOJ's remand of the FOIA request on NSD, Plaintiff will hold prosecution of its claim under this Count with respect to the NSD FOIA request until such time as Plaintiff deems it necessary to pursue it.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that this Court:

47. Declare that the records requested by Plaintiff it is FOIA request are public under 5 U.S.C. § 552 and must be disclosed or, in the alternative, conduct an in camera review to determine whether any parts of the requested records are properly public under FOIA;

48. Enjoin Defendant from continuing to withhold non-exempt records responsive to Plaintiff's FOIA request;

49. Order Defendant to grant Plaintiff's request for a fee waiver or, in the alternative, to produce the records responsive to Plaintiff's FOIA request at a reduced rate;

50. Award Plaintiff its costs for this proceeding, including reasonable legal fees, as expressly permitted by FOIA; and

51. Grant Plaintiff such other relief as the Court deems just and proper.

Dated: this 3rd day of May, 2018.                Respectfully Submitted,

By:   /s/  Eric L. Yaffe
Eric L. Yaffe (Bar No. 439750)
GRAY, PLANT, MOOTY, MOOTY,
 & BENNETT, P.A.
The Watergate–Suite 700
600 New Hampshire Avenue, NW
Washington, DC 20037
Eric.Yaffe@gpmlaw.com
Tel: 202.295.2200
Fax: 202.295.2250

Janet C. Evans (MN Bar No. 0182734)
*pro hac vice* admission pending
GRAY, PLANT, MOOTY, MOOTY
& BENNETT, P.A.
500 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Jan.Evans@gpmlaw.com
Telephone: 612.632.3000
Fax: 612.632.4000

*Attorneys for Plaintiff Public Record Media*

## CERTIFICATE OF SERVICE

  I hereby certify that on this 3rd day of May 2018 a true copy of the foregoing was served by courier service on the following:

United States Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

              /s/ Eric L. Yaffe
              Eric L. Yaffe

GP:4847-2564-3360 v1